UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SARA ALICIA MONACO | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-00721 |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| and MIGUEL L. LABUGUEN | § | |
| *Defendants.* | § | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") hereby removes this lawsuit currently pending in the District Court for the 288th Judicial District of Bexar County, Texas, Cause No. 2020CI06846, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds of diversity of citizenship, after the receipt of Plaintiff's First Amended Original Petition, which made this matter removable, and would respectfully show the Court as follows:

### BACKGROUND

1.     On or about May 30, 2018, Plaintiff Sara Alicia Monaco ("Plaintiff") was involved in a motor vehicle collision (the "Collision") while driving her vehicle southeast on Thousand Oaks Drive in Bexar County, Texas. *See* Plaintiff's First Amended Original Petition ¶ 5, attached hereto as Exhibit A. Plaintiff alleges that Miguel L. Labuguen ("Labuguen") rear-ended her. *See id.* at ¶ 5.

2.      On April 23, 2020, Plaintiff served Allstate with her Original Petition and process, in an action styled *Sara Alicia Monaco v. Allstate Insurance Company and Miguel L. Labuguen*, seeking to recover for damages allegedly arising from the Collision under a policy of uninsured ("UM")/underinsured ("UIM") motorist coverage issued by the Allstate.  *See generally*, <u>Exhibit A</u>; Plaintiff's Original Petition, attached hereto as <u>Exhibit B</u>; Service of Process Transmittal, dated April 23, 2020, attached hereto as <u>Exhibit C.</u> In Plaintiff's Original Petition, Plaintiff asserted causes of action against Allstate for breach of contract, violations of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, negligence, and gross negligence. *See generally,* <u>Exhibit </u>A and <u>B</u>. Due to multiple defects in Plaintiff's Original Petition, Allstate was prevented from removing this matter until June 16, 2020, the date Plaintiff served Allstate with her First Amended Original Petition, in which Plaintiff cured these defects. *See* discussion *infra* ¶¶ 6-7.

3.      Against the other named defendant, Labuguen—the alleged tortfeasor, underinsured driver, and Texas resident—Plaintiff asserts causes of action for negligence and gross negligence. *See* <u>Exhibit A</u> at ¶¶ 7-8, 18. However, as argued below, Labuguen is an improperly joined party to this lawsuit because Plaintiff states that she "has settled" her third-party claim with Labuguen. *See id.* at ¶ 5. Furthermore, Plaintiff's claims against Labuguen are supported by mere conclusory allegations. *See generally, id*. Therefore, Plaintiff has no plausible cause of action against him. Accordingly, Labuguen's residency must be disregarded for purposes of determining diversity jurisdiction.

4.      Plaintiff's alleged damages include past and future (i) pain and suffering, (ii) mental anguish, (iii) medical expenses, (iv) physical impairment, (v) physical disfigurement, (vi) and loss of enjoyment of life.  *See generally*, *id*. In addition, Plaintiff alleges damages for loss of earnings,

loss of earning capacity, loss of use and requests exemplary damages, court costs, and pre- and post-judgment interest. *See generally*, *id*.

5.      In her Original Petition, Plaintiff "seeks monetary relief of over $200,000 but no more than $1,000,000 and a demand for judgement for all other relief to which Plaintiff may be justly entitled," a statement that is now missing from Plaintiff's First Amended Original Petition. Exhibit B at ¶ 22; *see also* Exhibit A.

6.      On May 18, 2020, Defendant filed a combined answer and special exceptions in state court to cure defects in Plaintiff's Original Petition. *See* attached Exhibit D.  These defects included Plaintiff's naming of the incorrect Allstate entity, incorrect tortfeasor, and incorrect county where the Collision occurred. These defects prevented the removal of this lawsuit because Allstate was unable to ascertain whom the proper defendants were and the basic facts of the Collision. *See generally*, *id*.

7.      On June 16, 2020, Plaintiff served her First Amended Original Petition on Allstate, in which she sues the correctly named Allstate entity—Allstate Fire and Casualty Insurance Company and the correctly named tortfeasor—Miguel L. Labuguen—and lists the correctly named county—Bexar—where the Collision occurred. *See generally*, Exhibit A and Notification of Service, dated June 16, 2020, attached hereto as Exhibit E. Hence, Plaintiff's First Amended Petition provided Allstate with the "amended pleading … or other paper" it needed to ascertain that this matter was removable. *See* 28 U.S.C. §1446 (b)(3) (providing that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … a copy of an amended pleading … or other paper from which it may first be ascertained that the case is one which is or has become removable") and discussion *infra* A, B, and C.

8.      In her First Amended Original Petition, Plaintiff preserves the allegations and causes of action against the Defendants as stated in her Original Petition with the exception that she completely omits the amount in monetary relief she seeks. *Cf. generally* Exhibit A and Exhibit A at ¶ 22 *with* Exhibit B at ¶ 22.

9.      Per the local rules, the State Court Docket Sheet is attached hereto as Exhibit F.

GROUNDS FOR REMOVAL

10.      This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. §§ 1332(a), 1441, and 1446(b)(3), because it arises from a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**A.  Properly Joined Parties Are Diverse.**

(i)  *Plaintiff's Citizenship*

11.      Plaintiff is a natural person who asserts that she "is … residing" in Texas in her First Amended Original Petition, thus demonstrating that Plaintiff is domiciled in the state of Texas. Exhibit A at ¶ 1.  Plaintiff has not pleaded or alleged citizenship of any state other than Texas. Thus, Plaintiff is believed to be a citizen of Texas because "for purposes of federal subject-matter (diversity) jurisdiction," a natural person is "a citizen of but one State [and] [t]hat is the state in which the person is domiciled." *O'Neal v. DePuy Synthes Sales, Inc.*, No. 19-CV-1328, 2019 WL 5569615, at *1 (W.D. La. Oct. 28, 2019) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006); *and, Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 451 (5th Cir. 2003).

(ii)  *Allstate's Citizenship*

12.      Defendant Allstate Fire and Casualty Insurance Company is incorporated under the laws of the state of Illinois and maintains its principle place of business in Cook County, Illinois,

located at 2775 Sanders Road, Northbrook, Illinois 60062.  Defendant Allstate is thus a citizen of Illinois.  28 U.S.C. §1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."); *and, Quebe v. Ford Motor Co*., 908 F. Supp. 446, 449 (W.D. Tex. 1995) (citing *Milstead Supply Co. v. Casualty Ins. Co*. *v. Casualty Ins. Co*., 797 F.Supp. 569, 571 (W.D.Tex.1992)).

(iii) *Labuguen's Citizenship*

13.     Defendant Labuguen is alleged to be the tortfeasor, underinsured motorist, and a resident of Texas. *See* Exhibit A at ¶¶ 3, 5. However, as argued below, Labuguen has been improperly joined in this action because Plaintiff states in her First Amended Original Petition that (i) she "has settled" her claim with Labuguen and (ii) she asserts mere conclusory allegations against him. *See id.* at ¶ 5; *see also* Exhibit B at ¶¶ 3, 5. Therefore, Plaintiff has no plausible cause of action against Labuguen, and Labuguen's residency must be disregarded for purposes of evaluating diversity jurisdiction in this matter.[1]

**B.  Labuguen Has Been Improperly Joined.**

(i) *Legal Standard*

14.     The doctrine of improper joinder, or fraudulent joinder, ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the Court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

---

[1] Because Allstate contends Defendant Labuguen is improperly joined, his consent to removal is not required. *See Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 815 (5th Cir. 1993).

15.     The removing party bears the burden of establishing whether federal jurisdiction exists and removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).   To meet this burden, the removing party must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *McDonald v. Abbot Labs.,* 408 F.3d 177, 183 (5th Cir. 2005).

16.     To determine that an in-state defendant has been improperly joined, the court must find that (i) the plaintiff has fraudulently alleged that a defendant is non-diverse, or (ii) the plaintiff has failed to state a claim against the non-diverse defendant. *Smallwood,* 385 F.3d at 573. In making this determination, a federal court must look to the original state court pleading but apply the federal pleading standard. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.,* 818 F.3d 193, 205 (5th Cir. 2016).   "[R]emoval jurisdiction should be determined on the basis of the state court complaint at the time of removal," and a "plaintiff cannot defeat removal by amending it." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

17.     The court may resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Smallwood,* 385 F.3d at 573. The analysis requires the complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).   "A claim has facial plausibility when the plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1973 (2009).

18.     Pursuant to *Twombly* and *Iqbal,* the court conducts a two-prong analysis. First, the court separates legal conclusions from well-pled facts. *Iqbal,* 556 U.S. at 678-79. Second, the court reviews the well-pled facts, assumes they are true, and determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.   A pleading "that offers labels and conclusions or a

formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* Plausibility requires more than a mere possibility. It calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct. *Twombly,* 550 U.S. at 565.

      *(i)* *Because Plaintiff Has Settled Her Claim with Labuguen, She Has No Plausible Cause of Action Against Him and He Has Been Improperly Joined to this Suit.*

    19.    Although Plaintiff alleges that Defendant Labuguen is the tortfeasor, underinsured motorist, and a resident of Texas, Labuguen has been improperly joined in this action because Plaintiff states both in her Original Petition and her First Amended Original Petition that she "has settled" her claim with him. *See* Exhibit B at ¶¶ 3, 5; *and,* Exhibit A at ¶ 5. Additionally, Allstate received Plaintiff's release of all Plaintiff's injury claims against Labuguen on March 11, 2019. That release clearly demonstrates that Plaintiff can no longer pursue a legal action against Labuguen. *See* Plaintiff's Release Agreement, attached hereto as Exhibit G. Therefore, Plaintiff has no plausible cause of action against Labuguen, and Labuguen's residency must be disregarded for purposes of evaluating diversity jurisdiction in this matter.

      *(ii)* *Plaintiff Failed to State a Plausible Claim Against Labuguen in the Petition.*

    20.    Even if Plaintiff had not already settled her claim with Labuguen, Labuguen was still improperly joined to this lawsuit at the time of removal because Plaintiff has not stated a plausible claim for negligence or gross negligence against Labuguen that satisfies the Rule 12(b)(6) improper joinder analysis applied in cases in which  improper joinder is alleged. *See Smallwood,* 385 F.3d at 573. Rather, as shown below, Plaintiff's claims consist of mere conclusory allegations.

### Negligence

21.     Plaintiff asserts a cause of action for negligence against Labuguen that consists of only conclusory allegations. *See* Exhibit A at ¶¶ 7-8, 18. Under Texas law, the elements of a negligence cause of action are as follows: (1) The defendant owed a duty to the plaintiff; (2) the defendant breached the duty owed to the plaintiff; and (3) the defendant's breach of the duty was a proximate cause of plaintiff's damages. *See, e.g., Doe v. MySpace, Inc.,* 474 F. Supp. 2d 843, 850-851 (W.D. Tex. 2007), aff'd, 528 F.3d 413 (5th Cir. 2008); *Cofresi v. Medtronic, Inc.,* No. 5:19-CV-1222-DAE, 2020 WL 1887862, at *5 (W.D. Tex. Mar. 30, 2020); *and, Carrera v. Yañez,* 491 S.W.3d 90, 94 (Tex. App. 2016)(citations omitted).

22.     Here, Plaintiff has failed to allege more than mere conclusory allegations to support a negligence cause of action. Specifically, Plaintiff does not allege any facts that support her claim that Labuguen breached his duty to exercise ordinary care while operating his motor vehicle. *See generally*, Exhibit A.  Rather, Plaintiff merely tracks statutory language and generally alleges that Labuguen acted in a "negligent manner" in one or more ways, which includes but is not limited to the following list of statutory violations:

      a.   in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;
      b.   in failing to control his speed;
      c.   in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;
      d.   in failing to turn the vehicle in an effort to avoid the collision in question;
      e.   in failing to maintain an assured clear distance;
      f.   in failing to maintain control of his vehicle;
      g.   in failing to yield the right of way; and
      h.   in driving his vehicle with willful and wanton disregard for the safety of persons or property.

*Id.* at ¶ 7.

23.     Here, applying a *Twombly* and *Iqbal*-type analysis, Plaintiff fails to allege sufficient facts to show that Labuguen breached his legal duty. Merely alleging that Labuguen drove in a "negligent manner" and then providing a list of nearly verbatim statutory violations does not provide the requisite factual support to allow Plaintiff's negligence claim to survive.  Accordingly, Plaintiff does not allege a plausible claim of negligence against Labuguen, and his residency must not be considered in the diversity of jurisdiction analysis.

**Gross Negligence**

24.     Plaintiff also asserts a cause of action for gross negligence against Labuguen that is unsupported by facts. *See* Exhibit A at ¶¶ 8, 18. Under Texas law, gross negligence consists of two components: "(1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Martinez v. Peterbilt Motors Company Paccar Inc.*, SA-04-CA-0332-RF, 2004 WL 3218388, at *3 (W.D. Tex. Nov. 10, 2004)(citing *Louisiana–Pacific Corp. v. Andrade,* 19 S.W.3d 245, 246 (Tex.1999) *and, Texas Dept. of Parks and Wildlife v. Miranda,* 133 S.W.3d 217 (Tex.2004)); *and, Cofresi,* 2020 WL 1887862, at *5 (W.D. Tex. Mar. 30, 2020); *see also* TEX. CIV. PRAC. & REM. CODE § 41.001 (11).

25.     As with her negligence claim, Plaintiff also fails to provide more than conclusory allegations to support her gross negligence claim against Labuguen. Plaintiff alleges that Labuguen's "acts and/or omissions … constitute … gross negligence." Exhibit A at ¶ 8. Critically, Plaintiff does not point any facts to show that Labuguen engaged in an act or omission that, when

viewed objectively from his viewpoint at the time of occurrence, involved an extreme degree of risk about which he knew but disregarded.

26.     Accordingly, applying the *Twombly* and *Iqbal*-type analysis, Plaintiff's Original Petition fails to state a plausible claim for gross negligence against Labuguen. Therefore, Labuguen's residency must be disregarded for the purposes of deciding diversity jurisdiction.

### C.  The Amount in Controversy Exceeds $75,000.00.

27.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).  The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

28.     Here, the facts in controversy demonstrate that the amount in controversy well exceeds $75,000.00. Plaintiff's Original Petition sought damages over $200,000.00 but not more than $1,000,000.00—a statement which, along with any stated amount of damages sought, is conspicuously absent from Plaintiff's First Amended Original Petition. Additionally, Plaintiff's Original Petition made a demand for judgement for all other relief to which Plaintiff may be justly entitled in law and equity, which opens the door for Plaintiff to recover damages outside the subject insurance policy. *See generally*, Exhibit A and B.

29.     In addition, Plaintiff First Amended Petition alleges that Allstate has:

- Breached the Contract with Plaintiff—which entitles Plaintiff to attorney's fees;

- Delayed payment of Plaintiff's claim—which is a violation to Texas Insurance Code § 542 and entitles Plaintiff to pre-judgment interest;

- Violated Texas Insurance Code § 541 by committing unfair insurance practices—which entitles Plaintiff to treble damages;

- Breached the Duty of Good Faith and Fair Dealing—which opens the door for Plaintiff to seek exemplary damages;

- Violated the Texas Deceptive Trade Practices Act—which also allows Plaintiff to recover treble damages;

- Committed all of the above actions knowingly and intentionally; and

- Engaged in negligent and grossly negligent conduct resulting in injuries to Plaintiff.

*See* Exhibit A.

30.    As a result of Plaintiff's list of causes of action against Allstate, Plaintiff affirmatively pleads for recovery for:

- Past and future pain and suffering;
- Past and future mental anguish;
- Past and future medical expenses (which, as discussed *infra* ¶ 31, alone total $265,291.22);
- Past and future physical impairment;
- Past and future disfigurement;
- Past and future loss of earnings;
- Loss of use;
- Past and future loss of enjoyment of life;
- Exemplary damages;
- Pre and post judgment interest;
- Attorney's fees; and
- "such other and further relief to which Plaintiff may be justly entitled by law and equity."

*Id.*

31.    Furthermore, Plaintiff's demand letter, dated July 16, 2019, seeks $25,271.22 in current medical expenses and $240,020.00 in future medical expenses for back surgeries she

allegedly requires due to injuries she sustained in the Collision. *See* Plaintiff's Demand Letter, attached hereto as Exhibit H at pg. 2.

32.     Finally, and most importantly, Plaintiff has not provided a binding stipulation or other sworn document that would limit her damages to less than jurisdictional limit of this Court as required by *De Aguilar*. *De Aguilar v. Boeing*, 47 F.3d 1404, 1410 (5th Cir. 1995).

33.     Based on the foregoing, facts in controversy clearly and inarguably demonstrate that the amount in controversy clearly exceeds $75,000.00.

### REMOVAL IS PROCEDURALLY PROPER

34.     This notice of removal is timely filed within thirty (30) days after Allstate received Plaintiff's First Amended Original Petition. *See* 28 U.S.C. §1446 (b)(3) (providing that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … a copy of an amended pleading … or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013); *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 439 (5th Cir. 2011); Exhibit A; *and* Exhibit E. Upon being served with Plaintiff's First Amended Original Petition on June 16, 2020, Allstate ascertained that this case became removable because therein Plaintiff sues the correct Allstate entity—Allstate Fire and Casualty Insurance Company—and the correct tortfeasor—Miguel L. Labuguen—and correctly names the county—Bexar—where the Collision occurred. *Cf.* Exhibit A *with* Exhibit B. Therefore, by serving Allstate with her First Amended Petition, Allstate ascertained that the properly joined and correctly parties—Allstate and Plaintiff—were citizens of different states and that the amount in controversy exceeded $75,000. Thus, Allstate's notice of removal is timely filed.

35.    Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Honorable Court embrace Bexar County, Texas, the venue where this suit was initiated. *See generally*, <u>Exhibit A</u>.

36.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant Allstate in the state court action are attached hereto. *See* <u>Exhibit A, B, C, D, E,</u> and <u>F</u>.

37.    Pursuant to 28 U.S.C. §1446(d), Defendant Allstate will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of Bexar County.

**PRAYER FOR RELIEF**

38.    Defendant Allstate prays that this Honorable Court (1) accept jurisdiction over the state court action for the reasons set forth above, (2) dismiss Defendant Labuguen with prejudice as improperly joined, and (3) grant it any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

By: /s/ *Michael N. Novak*
**Robert E. Valdez**
State Bar No.20428100
revaldez@valdeztrevino.com
**Michael M. Novak**
State Bar No. 24092905
mnovak@valdeztrevino.com
*Counsel for Defendant Allstate Fire and Casualty*
*Insurance Company*

### Certificate of Service

I do hereby certify that the foregoing instrument was served on the following counsel this

19th day of June 2020, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the ECF

system and e-service in the state court proceeding:

> Omar Rivero
> Davis Law Firm
> 10500 Heritage Blvd., Suite 102
> San Antonio, Texas 78216
> Tel. (210) 444-4444
> Fax: (210) 568-8419
> Email: omarr@davislaw.com
> *Counsel for Plaintiff*

                              /s/ *Michael N. Novak*
                              **Michael M. Novak**